UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER PERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUZANNE PERRY, et al.,<br><br>　　　　Defendants.[1] | No. 2:20-cv-0622 DB P<br><br>**ORDER** |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 2, 5). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis shall be granted. In addition, because plaintiff has raised cognizable claims in the complaint, the court shall order that it be served on defendants.

////

////

---

[1] A review of plaintiff's complaint indicates that the surname "Perry" should be "Peery." (See ECF No. 1 at 1, 3). The Clerk of Court will be directed to make this change in the case caption of the court's docket.

1

**I.      IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF Nos. 2, 5). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III.   PLEADING STANDARD

#### A.   Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

////

### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## IV. PLAINTIFF'S COMPLAINT[2]

### A. General Facts Alleged

Plaintiff is an inmate at California Correctional Center – Susanville ("CCC–Susanville").[3] He alleges that its employees, Warden Suzanne Peery; SBT Mark Hodges; CPS Mary Tilja,[4] and Chief Deputy Warden Steve Cagle violated his Eighth Amendment rights to be free from cruel and unusual punishment[5] when, despite being aware of the presence of asbestos and black mold and their hazards, they were deliberately indifferent to the problems and failed to adequately

---

[2] Plaintiff has also filed "Exhibits" which the court presumes plaintiff would like to be considered in conjunction with the complaint. (See ECF No. 10). The court will direct the Clerk of Court to attach the documents in the filing to plaintiff's complaint.

[3] Plaintiff is currently housed at Valley View Conservation Camp, a part of CCC-Susanville. (See ECF No. 9).

[4] It is unclear what the initials that precede each defendant's name stand for. Should the lack of this information make it difficult to serve any of these individuals, plaintiff will need to provide it to the court.

[5] Although plaintiff alleges cruel and unusual punishment throughout the complaint, given the facts and harms alleged therein, the court construes the constitutional violations alleged as ones of deliberate indifference to health and safety.

4

correct them. (See generally ECF No. 1 at 3-5). As a result, plaintiff developed marked symptoms secondary to asbestos and mold exposure. (See id. at 4-5).

### B. Remedy Sought

To remedy these violations of right, plaintiff asks that CCC-Susanville be tested for the presence of asbestos and toxic black mold by an outside third party that is certified in identification and remediation of these substances. (See ECF No. 1 at 5). He also asks that all asbestos and black mold within the facility be removed. Finally, plaintiff requests damages in the amount of $2,100,000.00 to compensate him for his exposure to the toxic substances. (See id.).

## V. DISCUSSION

### A. Applicable Law: Deliberate Indifference to Health and Safety

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). This second prong... "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

Whether a defendant had requisite knowledge of a substantial risk of harm is a question of fact. Farmer, 511 U.S. at 842. Thus, liability may be avoided by presenting evidence that the defendant lacked knowledge of the risk and/or that his response was reasonable in light of all the circumstances. See Farmer, 511 U.S. at 844–45; see also Simmons v. Navajo County Ariz. 609

////

F.3d 1011, 1017-18 (9th Cir. 2010) (requiring official be subjectively aware of serious medical need and fail to adequately respond to need to establish deliberate indifference).

**B.    Analysis**

**1.    Defendants Peery, Cagle and Hodges**

Plaintiff claims that defendants Peery and Cagle knew of the presence of asbestos at CCC-Susanville and were responsible for managing employees who worked with asbestos.  (See ECF No. 1 at 3-4).  Under their watch, plaintiff contends, uniform maintenance and inspection of the prison, e.g., of multiple cracked floor and wall tiles and exposed building material, did not occur.  (See id. at 3-4).

Plaintiff further contends that despite defendants' failure to properly address the prison asbestos issue, which would have removed the hazards to himself and other inmates, defendant Hodges had a containment wall built for defendant Peery so that she would be protected from the asbestos exposure.  (See ECF No. 1 at 3-4).  This, plaintiff argues, demonstrated defendants' knowledge of the problem and their "wanton disregard and deliberate indifference" to the health hazards inmates faced.[6]  (See id. at 4).  As a result of defendants' failure to address the asbestos problem, plaintiff claims that his exposure to it has led to him having severe headaches, fatigue, irregular heartbeat, nausea, dizziness, mild chest pain, the coughing up of blood and other symptoms.  (See id. at 4, 8-14).

Construing the complaint liberally,[7] plaintiff has raised cognizable deliberate indifference to health and safety claims against defendants Peery, Cagle and Hodges with respect to

---

[6] Throughout the complaint, plaintiff references the harm defendants' failure to address the asbestos problem caused other inmates.  (See ECF No. 1 at 4, 15) (alleging one inmate developed mesothelioma secondary to asbestos exposure and others have complained of respiratory and neurological symptoms amongst others).  Plaintiff's complaint also has numerous inmate signatories to it, acknowledging plaintiff's allegations.  (See id. at 16).

The inmates' acknowledgment of plaintiff's allegations is somewhat helpful.  The court notes, however, that any harm those inmates experienced is not actionable in this matter.  See Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000) (stating non-attorney proceeding pro se may bring his own claims to court; he may not represent others); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997).  Thus, any relief the court might grant would be limited to the plaintiff.

[7] Pro se pleadings are to be liberally construed.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

6

improperly contained asbestos in the prison. Accordingly, these defendants will be directed to respond to these claims.

### 2. Defendants Tilja and Cagle

Plaintiff asserts that on February 11, 2020, he submitted an emergency grievance about the presence of black mold in the prison. (See ECF No. 1 at 4). The next day, correctional officer Parry went to dorm 62 to investigate and inspect the living conditions there. (See id. at 15). Officer Parry would confirm that, according to plaintiff, there was an "overwhelming presence of black mold" in dorm 62. (See id. at 15). Thereafter on February 14, 2020, dorm 62 was deemed uninhabitable because of the mold. (See id. at 15). Accordingly, defendant Hodges granted plaintiff's grievance request and ordered an emergency evacuation of dorm 62. (See id. at 4).

Plaintiff claims that despite these facts, defendant Tilja denied that black mold was present in the facility. (See ECF No. 1 at 4). At the same time, however, she ordered the facility to be cleaned and painted with mold-resistant paint.[8] (See id. at 4). He further asserts that on February 19, 2020, defendant Cagle changed defendant Hodges' ruling on plaintiff's grievance about the mold to "granted in part." (See id. at 5).

With respect to the mold, plaintiff again argues that inadequate ventilation in the bathrooms of the living quarters; a failure to follow operational procedures, and a failure to properly inspect and provide uniform maintenance of the bathroom and living quarters on the part of defendants demonstrated deliberate indifference to plaintiff's health and well-being. (See ECF No. 1 at 5). He also states that as a result of being exposed to black mold, he has had symptoms that are similar to those he experienced because of his asbestos exposure. (Compare ECF No. 1 at 4, with ECF No. 1 at 4-5).

Plaintiff has stated cognizable deliberate indifference to health and safety claims against defendants Tilja and Cagle with respect to the widespread presence of and improperly treated black mold in the prison. Therefore, they will be directed to respond to these claims.

////

---

[8] Plaintiff states he has obtained the work orders that support this allegation. (See ECF No. 1 at 4).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall:

   a. Change the spelling of defendant "Suzanne Perry" to "Suzanne Peery," in the case caption of the docket, and

   b. Attach plaintiff's documents filed May 7, 2020 (ECF No. 10) to plaintiff's complaint;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2), is GRANTED, and

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

IT IS FURTHER ORDERED that:

1. In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), service of the complaint (ECF No. 1) and the cognizable claims therein is appropriate on the following California Correctional Center – Susanville employees:

   - Warden Suzanne Peery;
   - SBT Mark Hodges;
   - CPS Mary Tilja, and
   - Chief Deputy Warden Steve Cagle, and

2. If any of these defendants either waives service or is personally served s/he is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

Dated: January 4, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/pers0622.scrn